# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FKA DISTRIBUTING COMPANY, LLC, d/b/a HOMEDICS,** | Case No. |
| *Plaintiff*, | Hon. |
| v. | |
| **YISI TECHNOLOGY CO., LTD.,** | |
| *Defendant*. | |

# COMPLAINT AND JURY DEMAND



Plaintiff, FKA Distributing Company, LLC d/b/a HoMedics ("HoMedics"), for its Complaint against Defendant Yisi Technology Co., LTD ("Yisi Technology"), alleges as follows:

## I.   NATURE OF ACTION

1. This is a complaint for infringement of HoMedics' trade dress rights in the inherently distinctive design or trade dress of HoMedics' MARLEY® speakers, including the MARLEY® GET TOGETHER MINI speaker and the MARLEY® GET TOGETHER BT speaker.

2. HoMedics brings this action in order to prevent consumer confusion in the marketplace and protect its valuable intellectual property assets associated with its MARLEY® speakers.

3. Defendant, without authorization and with knowledge of HoMedics' prior rights, commenced use of confusingly similar trade dress in connection with the same or virtually identical goods.

4. Accordingly, this is an action for false designation of origin or sponsorship, false advertising, and trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125; trade dress infringement and unfair competition under common law; and unfair, unconscionable, or deceptive methods, acts, or practices under the Michigan Consumer Protection Act, M.C.L. §445.903.



1

## II. THE PARTIES

5. HoMedics is a Michigan corporation, having an address at 3000 Pontiac Trail, Commerce Township, Michigan 48390.

6. On information and belief, Defendant Yisi Technology is a corporation organized and existing under the laws of the Peoples Republic of China, having an address at 2nd Floor West, Building A, Yi Li Technology Park, DaHe Industrial Zone, Guanlan Town, Longhua New District, Shenzhen, Guangdong Province, China. 518000.

## III. JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) (diversity jurisdiction); 28 U.S.C. §§ 1331 and 1338(a) (questions of federal law have been presented under the Lanham Act). This Court has supplemental jurisdiction over HoMedics' state law claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over the Defendant for at least the following reasons:

    a. Defendant has marketed and sold the infringing ARCHEER speaker in this District;

    b. Defendant operates a website at URL http://www.archeer.com/ that includes an online store selling audio products, including the infringing



ARCHEER speaker, and the website allows Michigan residents to order and purchase the infringing ARCHEER speaker from intermediary Amazon.com by clicking on the appropriate link found on Defendant's website;

    c.    Defendant has advertised in the State of Michigan via its interactive website at URL http://www.archeer.com/ that is accessible to Michigan residents, and has sold its infringing ARCHEER speaker in the State of Michigan;

    d.    Defendant therefore conducts regular business in the State of Michigan and in this Judicial District; and

    e.    Defendant is causing injury to HoMedics in this District.

9.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) for the same reasons alleged above and in that a substantial part of the activities giving rise to the claims alleged herein occurred in this District, including Defendant's marketing and/or distributing infringing products in this District. Venue is also proper in this District pursuant to 28 U.S.C. §1391(c) in that Defendant is a foreign corporation that may be sued in any judicial district.

### IV.    FACTUAL BACKGROUND

**A.    HoMedics – Innovators in the Industry**

10.    Plaintiff HoMedics was founded in 1987, and quickly established a reputation as a leading manufacturer of consumer products.



11. From 1987 to present, HoMedics has grown organically through its focus on innovation, and today HoMedics manufactures some of the world's best known, most innovative brands in personal health, wellness, and electronics in more than 60 countries.

12. HoMedics is a licensee of the trademark rights in Bob Marley's identity and persona (hereinafter, the "MARLEY® Trademarks") for certain products. HoMedics uses the MARLEY® Trademarks in connection with advertising, distribution, and sale of various products, including its MARLEY® speakers.

13. HoMedics has devoted significant time, effort, and resources to create consumer recognition by developing, advertising, and promoting its MARLEY® speakers, including the MARLEY® GET TOGETHER MINI speaker and the MARLEY® GET TOGETHER BT speaker shown below.



**MARLEY® GET TOGETHER MINI**



**MARLEY® GET TOGETHER BT**



4

14. HoMedics' MARLEY® speakers are extensively and widely advertised through various media, including network and cable television, radio, the Internet, and traditional print.

15. As a result of HoMedics' efforts, the MARLEY® speakers are well-known within the industry for being of the highest quality. The MARLEY® speakers are sold in thousands of locations throughout the United States and worldwide.

**B.     HoMedics' Trade Dress**

16. In connection with the advertising and sale of its MARLEY® speakers, including the MARLEY® GET TOGETHER MINI speaker and the MARLEY® GET TOGETHER BT speaker, HoMedics adopted a unique overall speaker design and aesthetic that is different from anything on the market.

17. The overall design (hereinafter "MARLEY® Trade Dress") is the exterior appearance of the HoMedics' MARLEY® speaker, as shown below:



**MARLEY® Trade Dress**

18. The MARLEY® Trade Dress is directed to the distinctive appearance of the product created by, but not limited to, the following description: A speaker



with an exterior made of one or more wood or wood-like panels and fabric covering portion, where there are one or more speaker holes in the wood or wood-like panels.

19. The overall appearance of the MARLEY® Trade Dress, the individual design elements, and the combination of both, are distinctive and serve to identify HoMedics as the source of the MARLEY® Trade Dress. These trade dress rights, along with the goodwill associated with HoMedics' name, are HoMedics' valuable assets.

20. HoMedics' MARLEY® Trade Dress is not merely functional, as competitors have many options from which they can choose their own product designs.

21. Since the introduction of HoMedics' MARLEY® speakers bearing the MARLEY® Trade Dress at least as early as October 2014, the MARLEY® speakers have been available both online and in retail stores.

22. As a result of the continuous use, ubiquitous promotion, and extensive sales of MARLEY® speakers bearing the MARLEY® Trade Dress by HoMedics, its authorized distributors and dealers throughout the world, the MARLEY® Trade Dress enjoys substantial recognition and fame throughout the country and is recognized by the public as emanating from HoMedics.



## C. Defendant's Infringing Conduct

23. Upon information and belief, Defendant manufactures, distributes and/or sells audio products, including the ARCHEER speaker shown below.



**Defendant's Speaker**

24. Defendant's ARCHEER speaker is marketed and sold in interstate commerce throughout the United States bearing HoMedics' MARLEY® Trade Dress.

25. Defendant's ARCHEER speaker and HoMedics' MARLEY® speaker are directly competitive products that are advertised and sold across the United States within the identical channels of trade.

26. Subsequent to HoMedics adoption and use of the MARLEY® Trade Dress, Defendant, with constructive and actual notice of HoMedics' long-established common law rights, adopted and used similar product designs intended to mimic HoMedics' MARLEY® Trade Dress with the intent to misrepresent and confuse consumers regarding the source of Defendant's goods. For example, the



following is a side-by- side comparison of Defendant's ARCHEER speaker next to Plaintiff's MARLEY® speaker:



**Defendant's Speaker**               **Plaintiff's Speaker**

27. Defendant has no consent, license, approval or other authorization to use the MARLEY® Trade Dress or confusingly similar or colorable imitation thereof in connection with any of its products, let alone a directly competing audio product.

28. Defendant's use of HoMedics' MARLEY® Trade Dress shows the willful intent of the Defendant to misrepresent the source of Defendant's goods so as to create confusion, mistake and/or to deceive as to Defendant's connection or association with Plaintiff and the source and/or sponsorship of Defendant's products.

### V.   COUNT I - FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING, TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

29. Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.



30. The above-described acts and conduct of Defendant violate Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)).

31. Defendant has knowingly used and continues to use in commerce the MARLEY® Trade Dress, or reproductions, copies or colorable imitations thereof, in connection with the ARCHEER speaker that Defendant manufactures, advertises, promotes, and sells. Defendant has used the MARLEY® Trade Dress in connection with its ARCHEER speaker knowing that the design used is confusingly similar and with intent to cause confusion. Defendant's actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

32. Defendant's use of the MARLEY® Trade Dress in connection with its ARCHEER speaker is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant's ARCHEER speaker and is likely to cause such people to believe in error that the ARCHEER speaker has been authorized, sponsored, approved, endorsed, or licensed by HoMedics or that Defendant is in some way affiliated with HoMedics.

33. Defendant's acts constitute false and misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendant's goods, and constitute trade dress infringement in violation of 15 U.S.C. § 1125(a).



34. As a direct and proximate result of Defendant's conduct, HoMedics has suffered irreparable harm to the valuable MARLEY® Trade Dress and its reputation in the industry and marketplace. HoMedics has no adequate remedy at law inasmuch as money damages alone would not adequately compensate HoMedics for the harm to its proprietary rights, established goodwill and business reputation. Defendant's acts have caused and, unless this Court acts to enjoin Defendant, will continue to cause great and irreparable harm to HoMedics and its proprietary rights, goodwill and business reputation, and to HoMedics' customers.

### VI. COUNT II – COMMON LAW TRADE DRESS INFRINGEMENT

35. Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.

36. Plaintiff was the first to use the MARLEY® Trade Dress or any design similar thereto in association with the sale of any speaker. As a result of the continued sale of HoMedics MARLEY® speakers bearing the MARLEY® Trade Dress, the MARLEY® Trade Dress has become widely known and HoMedics has become identified in the public mind as the source of the products to which the MARLEY® Trade Dress is applied.

37. As a result of the experience, care, and service of HoMedics in producing MARLEY® speakers bearing the MARLEY® Trade Dress, MARLEY®



speakers have become widely known and have acquired a worldwide reputation for quality, durability, and performance. Moreover, the MARLEY® Trade Dress has become associated with HoMedics' MARLEY® speakers and has come to symbolize the reputation for quality and excellence of HoMedics' products. As such, the MARLEY® Trade Dress has become distinctive.

38.     Defendant, with knowledge of and with intentional disregard for Plaintiff's rights, continues to advertise, promote and sell products using the MARLEY® Trade Dress, and confusing imitations thereof, in connection with its ARCHEER speaker.  Such acts by the Defendant have caused and continue to cause confusion as to the source and/or sponsorship of Defendant's products.

39.     Defendant's acts constitute willful infringement of HoMedics' exclusive rights in the MARLEY® Trade Dress, in violation of the common law.

40.     As a direct and proximate result of Defendant's conduct, HoMedics has suffered irreparable harm to the valuable MARLEY® Trade Dress and its reputation in the industry. HoMedics has no adequate remedy at law inasmuch as money damages alone would not adequately compensate HoMedics for the harm to its proprietary rights, established goodwill and business reputation.  Defendant's acts have caused and, unless this Court acts to enjoin Defendant, will continue to cause great and irreparable harm to HoMedics and its proprietary rights, goodwill and business reputation, and to HoMedics' customers.



11

## VII.   COUNT III – COMMON LAW UNFAIR COMPETITION

41.   Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.

42.   The above-described acts and conduct of Defendant constitute unfair competition arising under the common law of the State of Michigan.

43.   As a direct and proximate result of its unfair competition, Defendant has caused and will continue to cause damage and irreparable injury to Plaintiff.

44.   On information and belief, the acts and conduct complained of herein have been committed intentionally, willfully, deliberately and/or in reckless disregard of Plaintiff's legal rights.

45.   Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm to its proprietary rights, established goodwill and business reputation. Defendant's acts have caused and, unless this Court acts to enjoin Defendant, will continue to cause great and irreparable harm to Plaintiff and its proprietary rights, goodwill and business reputation, and to Plaintiff's customers.



## VIII. COUNT IV – UNFAIR TRADE PRACTICES UNDER MICHIGAN'S CONSUMER PROTECTION ACT, M.C.L. 445.901 *et seq.*

46. Plaintiff repeats and realleges each and every allegation set forth in all prior paragraphs as if fully set forth herein.

47. The Michigan Consumer Protection Act prohibits "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce" including "causing a probability of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services." M.C.L. 445.901 *et seq*.

48. Defendant is engaged in trade or commerce as defined by the Michigan Consumer Protection Act.

49. Defendant, by formulating, advertising, selling, distributing or otherwise placing the ARCHEER speaker into the stream of commerce, as set forth above and below, engaged in unfair, unconscionable, and/or deceptive acts and practices in the conduct of trade or commerce in advertising and distribution of the ARCHEER speaker in violation of Section 3 of the Michigan Consumer Protection Act, MCL 445.903.

50. Namely, Defendant used unfair, unconscionable and/or deceptive methods, acts or practices in the conduct of trade or commerce, including:



13

    a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval or certification of the ARCHEER speaker;

    b. Representing that the ARCHEER speaker has sponsorship, approval, affiliation, or connection to Plaintiff that it does not have through is misappropriation of Plaintiff's MARLEY® Trade Dress; and

    c. Consumers have relied on such conduct and have caused irreparable harm to Plaintiff thereby.

51. Plaintiff has been harmed by Defendant's unfair, unconscionable conduct and Defendant's deceptive methods, acts, and practices in violation of the Michigan Consumer Protection Act.

52. As a direct and proximate result of Defendant's conduct, in violation of the Michigan Consumer Protection Act, Defendant has suffered damages in an amount to be proved at trial.

53. Further, the Michigan Consumer Protection Act entitles the Plaintiff to "reasonable attorney fees."

54. As set forth in Section 11 of the Michigan Consumer Protection Act, MCL 445.911, Plaintiff seeks actual money damages suffered by Defendant's actions, attorney fees and a judgment that Defendant's actions are unlawful and permanently enjoining Defendant from continuing to engage in the methods, acts and practices that have been deemed unlawful.



## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HoMedics prays for relief against Defendant Yisi Technology as follows:

A. A declaration and/or judgment from this Court that:

1. Defendant has infringed the MARLEY® Trade Dress in violation of 15 U.S.C. §1125;

2. Defendant has engaged in unfair business practices/false advertising/misrepresentations in violation of 15 U.S.C. §1125;

3. Defendant has infringed the MARLEY® Trade Dress in violation of Michigan's common law;

4. Defendant has engaged in unfair competition in violation of Michigan's common law; and

5. Defendant has engaged in unfair trade practices in violation of Michigan Consumer Protection Act.

B. An Order enjoining, preliminarily and permanently, the Defendant and each of its agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, from using the MARLEY® Trade



Dress or any trade dress that is confusingly similar, from competing unfairly with the Plaintiff, and/or otherwise injuring Plaintiff's business reputation in the manner complained of herein;

    C.    An award of damages adequate to compensate Plaintiff for the actionable conduct of the Defendant, including, subject to the principles of equity, recovery by Plaintiff of (1) Defendant's profits, (2) any damages sustained by Plaintiff, and (3) the costs of this action;

    D.    An award of reasonable attorney fees; and

    E.    A grant of such other, different, and additional relief the Court may deem equitable and proper.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: <u>January 24, 2017</u>

  /s/ LeKeisha M. Suggs
MARK A. CANTOR (P32661)
LEKEISHA M. SUGGS (P76523)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: mcantor@brookskushman.com
       lsuggs@brookskushman.com

*Attorneys for Plaintiff*

