UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FKA DISTRIBUTING COMPANY, LLC,
d/b/a HOMEDICS,

    Plaintiff,

    v.

YISI TECHNOLOGY CO., LTD.,

    Defendant

_____/

Case No. 17-cv-10226

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PERMISSION TO
SERVE DEFENDANT THROUGH ALTERNATIVE MEANS PURSUANT TO FED. R. CIV.
P. 4(F)(3) [11]**

**I. INTRODUCTION**

Presently before the Court is Plaintiff's Motion for Permission to Serve

Defendant Through Alternative Means Pursuant to Fed. R. Civ. P. 4(f)(3). Plaintiff

seeks to serve Defendant through electronic mail ("email"). For the reasons that

follow, the Court will grant Plaintiff's Motion for Permission to Serve Defendant

Through Alternative Means Pursuant to Fed. R. Civ. P. 4(f)(3).

**II. FACTUAL BACKGROUND**

Plaintiff FKA Distributing Company, LLC ("Homedics") filed a Complaint

against Yisi Technology Co., Ltd. ("Yisi Technology") on January 24, 2017. *See*

Dkt. No. 1. Plaintiff issued a Summons that same day. *See* Dkt. No. 11, pg. 2 (Pg. ID 35). Plaintiff emailed Defendant the Summons to the email address Plaintiff found on Defendant's website. *Id.* Defendant failed to respond, so Plaintiff translated the documents and submitted them to China for service under the Hague Service Convention on April 19, 2017. *Id.* Plaintiff failed to effect service on Defendant and this Court dismissed the Complaint without prejudice on June 19, 2017. Dkt. No. 5, pg. 1–2. The Court then reopened the case on June 21, 2017. *See* Dkt. No. 9. Plaintiff filed the current motion on August 30, 2017, requesting permission to serve Defendant by email. *See* Dkt. No. 11. Plaintiff claims the vendor who served the Summons for them stated that China has been taking up to one year or more to process documents served under the Hague Convention. Dkt. No. 11, pg. 2 (Pg. ID 35). Therefore, Plaintiff seeks an order allowing service by email in order to prevent further delay of the service of process.

### III. LEGAL STANDARD

Rule 4(h)(2) of the Federal Rules of Civil Procedure allows service of process on a foreign business in the manner prescribed by Rule 4(f). Under Rule 4(f)(3), service is allowed "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Therefore, service under Rule 4(f)(3) is allowed if (1) directed by the Court; and (2) not prohibited by international agreement. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007,

1014 (9th Cir. 2002). Service under this rule does not have to be a last resort, nor is it only warranted in extraordinary circumstances. *Id.* at 1015–16.

The Eastern District of Michigan has allowed service by email when the party to be served does business on the internet and through email, and when the movant demonstrates that the email address in question is valid. *See FenF, LLC v. Ritacco*, No. 16-cv-11097, 2016 WL 5235407, at *3 (E.D. Mich. Sept. 22, 2016); *Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-cv-14628, 2013 WL 592660, at *3 (E.D. Mich. Feb. 14, 2013); *McCluskey v. Belford High Sch.*, No. 2:09-14345, 2010 WL 2696599, at *3 (E.D. Mich. June 24, 2010). Courts in this district and numerous other federal courts have typically held that service by email comports with Due Process if the above factors are met. *See McCluskey*, 2010 WL 2696599, at *3.

## IV. DISCUSSION

### Allowed by International Agreement

Federal Rule of Civil Procedure 4(f)(3) allows service by alternative means on a foreign party if the service is allowed by international agreement. China and the United States are both signatories to the Hague Convention. The Southern District of New York holds that the Hague Convention does not prohibit service by email to China. *Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (holding that China's objections to service by postal mail did

not extend to service in China via email, and allowed service by email to defendants located in China). The Northern District of California has also held that the Hague Convention does not prohibit service by email. *See Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (allowing service via email under the Hague Convention). In conclusion, several courts have held that the Hague Convention allows service by email.

**Due Process and Validity of Email Address**

To comport with Due Process, courts in the Eastern District of Michigan have considered whether the party to be served via email does business via email, and whether the movant has established that the email address in question is valid. *See FenF, LLC v. Ritacco*, No. 16-cv-11097, 2016 WL 5235407, at *3 (E.D. Mich. Sept. 22, 2016). Some ways to show the validity of an email address include: providing the Court with declarations from individuals who received emails from the email address in question, and demonstrating that emails mailed to the email address in question were not returned as undeliverable or did not "bounce back." *See id.*; *see also Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004). Here, the Plaintiff's Exhibits B and C, attached to their motion, show that Defendant lists two emails to contact them with—one for customer service, and one for potential dealers of their product. Plaintiff emailed

Defendant the Summons and Complaint to the customer service email listed on its website: service@archeer.com. *See* Dkt. No. 11-2, pg. 2 (Pg. ID 43). The email did not bounce back to Plaintiff. *See* Dkt. No. 11-2, pg. 2 (Pg. ID 43). This shows that Defendant does conduct business via email and the email address in question is valid. For these reasons, the email service comports with Due Process.

**Delay in Service Under the Hague Convention**

Lastly, Plaintiff contends that service by email is necessary because the vendor who served the documents for Plaintiff stated that China has been taking up to one year or more to process documents served under the Hague Convention. Dkt. No. 11, pg. 2 (Pg. ID 35). The Court finds that this delay is accurate. *See Sulzer Mixpac AG v. Medenstar Indus Co., Ltd.*, 312 F.R.D. 329, 330 (S.D.N.Y. 2015) (finding that Plaintiff had been attempting service on Defendant in China since March 30, 2015, and as of November 27, 2015, the Chinese Central Authority had not effected service); *Prof'l Investigating & Consulting Agency, Inc. v. Suzuki*, No. 2:11-cv-01025, 2014 WL 48260, at *1 (S.D. Ohio Jan. 7, 2014) (finding that Plaintiff's service package for Defendant under the Hague Convention arrived at China's Central Authority on September 14, 2012, and as of January 7, 2014, the defendant had not received service).

## V. CONCLUSION

For the reasons discussed herein, the Court will grant Plaintiff's Motion for

Permission to Serve Defendant Through Alternative Means.

**IT IS SO ORDERED.**

<u>s/Gershwin A Drain</u>
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2017